

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| CRYSTAL D. HARRIS, § | | |
| Plaintiff, § | | |
| § | | |
| vs. § | | CIVIL ACTION NO. 6:15-05052-MGL |
| § | | |
| CAROLYN W. COLVIN, § | | |
| Acting Commissioner of Social Security, § | | |
| Defendant. § | | |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION AND REVERSING AND REMANDING THE MATTER FOR FURTHER PROCEEDINGS

This is a Social Security appeal in which Plaintiff seeks judicial review of the final decision of Defendant denying her claims for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). The parties are represented by excellent counsel. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court this matter be reversed and remanded for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or

recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b).

The Magistrate Judge filed the Report on December 7, 2016, and Defendant filed her objection on December 21, 2016. The Court has carefully reviewed Defendant's objection, but holds it to be without merit. Therefore, it will enter judgment accordingly.

Plaintiff filed her applications for DIB and SSI on September 21, 2011, and December 29, 2011, respectively, asserting her disability commenced on November 1, 2009. Her applications were denied initially and upon reconsideration. Plaintiff requested a hearing before an Administrative Law Judge (ALJ), which the ALJ conducted on April 29, 2014. The ALJ also held a supplemental hearing on August 25, 2014. Then, on September 25, 2014, the ALJ issued a decision holding Plaintiff was not disabled under the Act. Subsequently, the Appeals Council denied Plaintiff's request for review of the ALJ's decision; accordingly, the ALJ's decision became Defendant's final decision for purposes of judicial review. Thereafter, Plaintiff filed suit in this Court, seeking judicial review of Defendant's final decision denying her claims.

The Social Security Administration has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). The five steps are: (1) whether the claimant is currently engaging in substantial gainful activity; (2) whether the claimant has a medically determinable severe impairment(s); (3) whether such impairment(s) meets or equals an impairment set forth in the Listings; (4) whether the impairment(s) prevents the claimant from returning to his past relevant work; and, if so, (5) whether the claimant is able to perform other work as it exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(I)-(v), 416.920(a)(4)(I)-(v).

It is Plaintiff's duty to both produce evidence and prove she is disabled under the Act. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). And, it is the duty of the ALJ, not this Court, to make findings of fact and to resolve conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Under the substantial evidence standard, however, we must view the entire record as a whole. *See Steurer v. Bowen*, 815 F.2d, 1249, 1250 (8th Cir. 1987). "Additionally, the substantial evidence standard presupposes a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Clarke v. Bowen*, 843 F.2d 271, 272-73 (8th Cir. 1988) (citations omitted) (internal quotation marks omitted) (alteration omitted).

In Defendant's objection, she argues the Magistrate Judge erred in rejecting Defendant's argument remand is unwarranted because Dr. Ronald Thompson's evaluation failed to support Plaintiff's claim she lacked the ability to concentrate sufficiently to perform the jobs identified by the vocational expert. According to Defendant, the Magistrate Judge neglected to apply the deferential standard of review contained in 42 U.S.C. § 405(g) to the ALJ's decision, and thus failed to articulate a legally sufficient reason to remand this case for reconsideration of Dr. Thompson's opinion. The Court is unpersuaded.

The ALJ "must consider all the evidence and explain on the record the reasons for his findings, including the reason for rejecting relevant evidence in support of the claim." *King v. Califano*, 615 F.2d 1018, 1020 (4th Cir. 1980). "Even if legitimate reasons exist for rejecting or discounting certain evidence, [the ALJ] cannot do so for no reason or for the wrong reason." *Id.* Further, the Court "cannot determine if findings are unsupported by substantial evidence unless [the

3

ALJ] explicitly indicates the weight given to all of the relevant evidence." *Gordon v. Schweiker*, 725 F.2d 231, 235 (4th Cir. 1984).  "Unless [the ALJ] has analyzed all the evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the [C]ourt's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Arnold v. Sec'y of Health, Educ. & Welfare*, 567 F.2d 258, 259 (4th Cir. 1977) (citation omitted) (internal quotation marks omitted).  Nevertheless, the duty of explanation is satisfied "[i]f a reviewing court can discern what the ALJ did and why he did it." *Piney Mountain Coal Co. v. Mays*, 176 F.3d 753, 762 n.10 (4th Cir. 1999) (internal quotation marks omitted).

Having reviewed the record under the standard set forth above, the Court is unable to say it can discern what the ALJ did and why he did it.  As the Magistrate Judge notes, the ALJ failed to state the weight he gave to Dr. Thompson's opinion regarding Plaintiff's mental impairments.  This omission is particularly troubling in light of the ALJ's decision to give Dr. Craig Horn's opinion limited weight.

In choosing to give Dr. Horn's opinion limited weight, the ALJ stated his reliance on Plaintiff's "mental longitudinal history" and specifically cited Dr. Thompson's consultative examination, stating Dr. Thompson "noted only bereavement adjustment disorder and that opinion was consistent with [Plaintiff's] frame of mind at that time." Tr. 27-28.  The ALJ's statement is in error, however, as Dr. Thompson diagnosed both bereavement and moderate adjustment disorder with major depressive features. Tr. 403.  This misreading of Dr. Thompson's findings, coupled with the ALJ's failure to state the weight given to Dr. Thompson's opinion, warrants remand.  Thus, the Court will overrule Defendant's objection.

4

After a thorough review of the Report and the record in this case under the standard set forth above, the Court overrules Defendant's objection, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court this matter is **REVERSED AND REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED**.

Signed this 22nd day of December, 2016, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE
